[Crim. No. 1148. Third Appellate District.—April 14, 1931.]

THE PEOPLE, Respondent, v. JOSE ARGUERO, Appellant.

Archibald M. Mull, Jr., for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This case was previously before the court and the judgment was reversed. ([Cal. App.] 295 Pac. 861.) The attorney-general petitioned for a rehearing and the petition was granted.

Defendant was convicted by a jury of the crime of attempt to commit robbery and a new trial was denied and judgment pronounced. Defendant appeals from the order denying his motion for new trial and also from the judgment.

The record shows that defendant used a knife in the attempted commission of the offense. The information charged defendant with an attempt to commit robbery, and the jury brought in a verdict of guilty of attempt to commit robbery as charged.

The sole question raised upon this appeal is whether or not a lawful verdict was rendered. In this connection defendant contends that the verdict is void and of no effect for the reason that it does not find the degree of robbery.

Section 211a of the Penal Code provides: "That all robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree." By the provisions of section 213 of the Penal Code, robbery in the first degree is punishable by imprisonment in the state prison for not less than five years, while robbery of the second degree is punishable by imprisonment in the state prison for not less than one year. Section 664 of the Penal Code provides as follows:

"Every person who attempts to commit any crime, but fails or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years, or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted; *provided however that if the crime attempted is murder, robbery, crime against nature or lewd and lascivious conduct the person guilty of such attempt shall be punishable by imprisonment in the state prison for a term not more than twenty years.*

"2. If the offense so attempted is punishable by imprisonment in the state prison for any term less than five years,

the person guilty of such attempt is punishable by imprisonment in the county jail for not more than one year.

"3. If the offense so attempted is punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half the largest fine which may be imposed upon a conviction of the offense so attempted.

"4. If the offense so attempted is punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished by both imprisonment and fine, not exceeding one-half the longest term of imprisonment and one-half the largest fine which may be imposed upon a conviction for the offense so attempted."

Prior to 1923 there were no degrees of robbery, the punishment for the offense being not less than five years in the state prison. When the indeterminate sentence was adopted, the law then provided that an attempt to commit was punishable by imprisonment in the state prison for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense. In the case of *People* v. *Sama*, 189 Cal. 153 [207 Pac. 893], the court held that an indeterminate sentence could not be imposed upon a conviction of an attempt to commit robbery, for the reason that it could not definitely be determined by the prison board what one-half of a life sentence would be, and if the board were to prescribe any definite term of years, it would be exercising judicial powers, which it did not possess. Such an offense, it was held, did not come under the Indeterminate Sentence Law.

At the next session of the legislature following this decision, the Penal Code was amended to read in the manner we have set forth. By the provisions of section 664 a definite term was fixed for an attempt to commit robbery.

It is correct, as appellant contends, that "whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty". (Pen. Code, sec. 1157.) But defendant here was not charged with the crime of robbery. He was charged with another crime, to wit; an attempt to commit robbery. If he had been charged with robbery, under the provisions of the last-mentioned section, it would have been mandatory for the jury to find the degree of the crime. Of what avail would it have been to defendant to

have found the degree of robbery? Under section 664 he would have been subjected to the same punishment for conviction under either degree.

It is contended that the prison board would be called upon to exercise judicial powers in attempting to fix the degree. The answer to this is that the board is not called upon to fix the degree of the crime. The legislature has eliminated the question of degree where the punishment for an attempted robbery is involved.

It is possible that · the legislature may not have acted consistently in failing to distinguish, so far as punishment is concerned, between attempts to commit robbery in the first and second degrees. The determination of such a question is a legislative and not a judicial function. The obvious import of section 664 of the Penal Code is inescapable.

We are of the opinion that the verdict of the jury followed the law, and accordingly, the order and the judgment appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1931.