[No. A063913. First Dist., Div. Four. Jan. 23, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERT K. JOHNSON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Part IV of this opinion is not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)

## COUNSEL

Matthew H. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Gerald A. Engler and John H. Deist, Deputy Attorneys General, and Sharmin C. Eshraghi, Acting Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**REARDON, J.**—Defendant and appellant Albert K. Johnson (appellant) was charged in an indictment with three counts of forcible oral copulation (Pen. Code, § 288a, subd. (c)),[1] three counts of forcible penetration by a foreign object (§ 289, subd. (a)), one count of rape (§ 261, subd. (a)(2)) and one count of second degree robbery (§§ 211, 212.5, subd. (b)). The indictment also alleged the enhancement of kidnapping to commit sexual offenses. (§ 667.8, subd. (a).) One charge of forcible penetration was dismissed after the jury was unable to reach agreement on it and the jury found appellant guilty of the other charges and allegation. The trial court sentenced appellant to state prison for 24 years to be served consecutively to a 15-year prison term in another case.

Appellant contends that the three-year enhancement for kidnapping to commit sexual offenses was wrongly imposed because: (1) appellant was not charged or convicted of kidnapping; and (2) the instructions were erroneous. Supplemental briefs filed by appellant in propria persona contend that he was not provided effective assistance of counsel.

### I. FACTS OF THE OFFENSES

Johanna V. testified as follows: On December 8, 1991, at 9:30 a.m. while she was jogging at the Richmond High School track, she noticed a man sitting in the bleachers. After Johanna jogged around the track four times,

---

[1] All further statutory references are to the Penal Code.

the man approached her and threatened to shoot if she did not stop jogging. In court, Johanna identified the man as appellant. Appellant forced Johanna to walk with him to a "small building in a tract." At, or behind, the building, appellant perpetrated on Johanna all the sex acts of which he was convicted along with the robbery.

Police Officer Joseph Curtin testified that Johanna selected appellant's photograph from a photographic lineup. When the officer informed appellant that he had been identified by Johanna, appellant stated, " 'sometimes girls just say you rape them 'cause they're mad at you.' " In response to the officer's question, did Johanna have reason to be angry with him, appellant answered, " 'no, but it happens.' " Appellant was also asked if he had any indication why Johanna might identify him if what he was saying was true. He responded, " 'that's just something I'm going to have to deal with—I'm going to have to deal with period. I might just have to do my time.' "

Appellant's trial counsel presented a defense of misidentification and alibi through cross-examination and defense witnesses. Further facts relating to the defense and counsel's conduct are stated in an unpublished portion of the opinion.

## II. KIDNAP ENHANCEMENT

 Appellant contends that the finding he kidnapped the victim to commit sexual offenses, under section 667.8, subdivision (a), was improper because he "was neither charged nor convicted of the underlying offense of kidnapping." This contention lacks merit.

Section 667.8, subdivision (a) provides in pertinent part: ". . . [A]ny person convicted of a felony violation of Section 261, 264.1, 286, 288a, or 289 who, for the purpose of committing that sexual offense, kidnapped the victim in violation of Section 207, shall be punished by an additional term of three years." Section 1170.1, subdivision (f) provides: "The enhancements provided in Sections . . . 667.8 . . . shall be pleaded and proven as provided by law."

It is undisputed that appellant was neither charged nor convicted of the offense of kidnapping in violation of section 207. The enhancement was alleged and found true that appellant violated section 667.8. The jury was instructed as to kidnapping for the purpose of committing sexual offenses in language which included a definition of kidnapping in violation of section 207.

In order to determine whether the clause in section 667.8 which mentions section 207 requires a conviction under the latter section, we look to the

rules governing interpretation of a criminal statute. Section 4 provides: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." ■ If ambiguous, criminal statutes are to be construed in favor of the defendant. (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *People* v. *Ralph* (1944) 24 Cal.2d 575, 581 [150 P.2d 401].) "In understanding the meaning and scope of a criminal statute, we are guided by the evil the Legislature sought to avert and the method chosen to do so." (*People* v. *Berry* (1991) 1 Cal.App.4th 778, 783 [2 Cal.Rptr.2d 416].) When the Legislature eliminates language imposing a required act from a proposed statute before passing the final version, it indicates that it did not intend to include that requirement as part of the statute. (See *Seibert* v. *Sears, Roebuck & Co.* (1975) 45 Cal.App.3d 1, 19 [120 Cal.Rptr. 233].)

These precepts were applied in *People* v. *Hernandez* (1988) 46 Cal.3d 194 [249 Cal.Rptr. 850, 757 P.2d 1013], where the question before the Supreme Court was whether the additional term under section 667.8 was properly imposed when the defendant was charged and convicted of sex offenses and kidnapping, but violation of section 667.8 was not charged or placed before the jury. (46 Cal.3d at p. 199.) In essence, that question is the opposite side of the one posed herein, i.e., whether a defendant must be charged and convicted of violating section 207 before the additional term can be imposed. The Supreme Court held that the additional term was not properly imposed because section 667.8 defined an "enhancement" which must be separately pleaded, placed before the jury under proper instructions, and proved by substantial evidence. Section 667.8 did not define a "substantive offense" which is covered by a verdict of guilty of kidnapping under section 207. (46 Cal.3d at pp. 201-211.) In reaching this conclusion the Supreme Court specifically points out that earlier versions of section 667.8, which were not enacted, included a requirement that the defendant be convicted of " 'kidnapping as defined in section 207 or an attempt to kidnap' "; but the version which became law did not. (46 Cal.3d at pp. 202-203.)

■ We conclude that the high court's reasoning in *People* v. *Hernandez* also resolves the question in the instant case. Section 667.8 defines a unique category of criminal violation, an "enhancement," which is completely separate and distinct from the substantive offenses of kidnapping and sex crimes. Thus, the jury was not required to convict appellant of kidnapping in violation of section 207 in order to find that he violated section 667.8. The kidnapping aspect of section 667.8 is encompassed by the jury's verdict on the enhancement. Moreover, the Legislature has unambiguously expressed

its chosen method of providing for the additional term by eliminating any language requiring a separate conviction of a violation of section 207.

### III. INSTRUCTION

■ Appellant also contends that the trial court erred in instructing the jury on the asportation standard for kidnapping. Specifically, appellant urges that the section 667.8 enhancement requires the asportation associated with "aggravated kidnapping," i.e., that the movement substantially increase the risk of harm over and above that necessarily present in the commission of the charged sex offense. (Cf. *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1139 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677].) In the instant case, the trial court instructed the jury on the asportation required for "simple kidnapping," i.e., that the movement be "for a substantial distance, that is, a distance more than slight or trivial . . . ." (CALJIC No. 9.50; see *People* v. *Stanworth* (1974) 11 Cal.3d 588, 598 [114 Cal.Rptr. 250, 522 P.2d 1058]; see also § 207.) We conclude that there was no instructional error.

When section 667.8 was enacted in 1983 (Stats. 1983, ch. 950, § 1, pp. 3418-3419), and now, the asportation required for a "violation of section 207" is that the victim be moved a substantial distance. There was, and is, no requirement for a "violation of section 207" that the movement increase the risk of harm. (See *People* v. *Daniels, supra,* 71 Cal.2d at p. 1139.) ■ "The Legislature, of course, is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof. [Citation.] Where a statute is framed in language of an earlier enactment on the same or an analogous subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction. [Citation.]" (*People* v. *Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078].)

■ By expressly providing that the kidnapping component in section 667.8 be a kidnapping "in violation of section 207," we must conclude that the Legislature intended to prescribe simple kidnapping and the type of asportation associated therewith. Our conclusion is buttressed by *People* v. *White* (1987) 188 Cal.App.3d 1128 [233 Cal.Rptr. 772], where the court approved that portion of an instruction defining asportation for purposes of section 667.8 as movement "for a substantial distance." (*Id.* at p. 1138.)

After the briefs were filed in this case, our Supreme Court decided *People* v. *Rayford* (1994) 9 Cal.4th 1 [36 Cal.Rptr.2d 317, 884 P.2d 1369]. The court held that the offense of violating section 208, subdivision (d), kidnapping with intent to commit rape, oral copulation, sodomy, or rape by

instrument, incorporates "the aggravated kidnapping asportation standard . . . ." (9 Cal.4th at p. 22.) In reaching this conclusion, the court stated the framework for its decision: "The issue we address in this case is whether the asportation standard for section 208(d) kidnapping is derived from that used for simple or aggravated kidnapping." (*Id.* at p. 18.) That issue, however, is not presented here because, unlike section 208, subdivision (d)'s general reference to "kidnapped," the Legislature has specifically and expressly provided that the kidnapping for purposes of section 667.8 is simple kidnapping, i.e., that defendant "kidnapped the victim in violation of Section 207 . . . ." (§ 667.8, subd. (a).)

Since the Legislature has expressly defined the type of kidnapping for purposes of section 667.8 as simple kidnapping, the trial court did not err in instructing the jury on the asportation standard for simple kidnapping.

### IV. INEFFECTIVE REPRESENTATION*

. . . . . . . . . . . . . . . . . . . . . . . . .

### V. DISPOSITION

The judgment is affirmed.

Anderson, P. J., and Perley, J., concurred.

A petition for a rehearing was denied February 14, 1995, and appellant's petition for review by the Supreme Court was denied April 13, 1995.

---

*See footnote, *ante,* page 1041.