76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack KINSEY, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 95-16080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Eugene Kinsey, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Kinsey claims that he was subjected to consecutive sentences that were not authorized by state law, and that he was denied effective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). We affirm.
 
 
 3
 Kinsey pleaded guilty to forcible oral copulation, penetration with a foreign object, and rape in violation of Cal. Penal Code §§ 288a(c), 289(a) and 261(2). Kinsey was sentenced, pursuant to Cal. Penal Code § 667.6(c), which provided, at the time of Kinsey's sentencing, that full consecutive terms could be imposed for a listed group of offenses, including offenses under section 288a(c), if the offenses were committed by "force, violence, duress menace or the threat of great bodily harm."
 
 
 4
 Kinsey contends that he was erroneously sentenced under section 667.6(c) because the standard required for imposition of consecutive sentences under Cal. Penal Code § 667.6(c) ("threat of great bodily harm") was higher than that required for conviction pursuant to 288a(c) (fear of "immediate and unlawful bodily injury").[1]
 
 
 5
 Kinsey's contention lacks merit because, as the district court noted, the disharmony between section 667.6(c) and section 288a(c) is only at issue if the violation of 288a(c) is committed by threat or fear. See People v. White, 233 Cal.Rptr. 772, 777 (1987). If, however, the violation is committed by force, violence, duress or menace, there is no disharmony and the enhancement is properly imposed. See Cal. Penal Code § 667.6(c) (1979). Because Kinsey pleaded guilty to four counts of "forcible oral copulation" (emphasis added), pursuant to section 288a(c), he had admitted oral copulation through the use of force. See United States v. Lipsey, 62 F.3d 1134, 1137 (1995) (noting that guilty plea is an admission of all of the elements of the criminal charge); People v. Santworth, 11 Cal.3d 588, 606 (1974) (holding that a guilty plea admits each element of an offense). Accordingly, the district court did not err by concluding that Kinsey's enhancement under section 667.6(c) for four counts of forcible oral copulation was imposed properly. See also, Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam) (holding that state prisoners are entitled to habeas relief under 28 U.S.C. § 2254 only if detention violates the Constitution or federal statute or treaty).
 
 
 6
 Kinsey contends that he would not have pled guilty and would have insisted on going to trial had counsel explained to him the discrepancy between sections 667.6(c) and 288a(c). Kinsey has failed to demonstrate, however, that his counsel was either ineffective or that he was prejudiced by counsel's failure to explain the discrepancy. See Hill v. Lockhart, 474 U.S. 52, 56-7 (1985) (holding that voluntariness of plea depends on effective assistance of counsel); Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel advised Kinsey to plead guilty under the assumption that Kinsey could be subject to full term consecutive sentences under section 667.6(c). Given the factual circumstances of Kinsey's offenses, counsel's assumption was correct and therefore the representation did not fall below an objective standard of reasonableness. See Strickland, 466 U.S. at 687. The district court did not abuse its discretion by declining to grant an evidentiary hearing on this issue. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1980 amendments to the California Penal Code created a disharmony between section 667.6 and two of its constituent offenses, sections 288a and 286. Section 288a and 286 were amended in 1980 to replace "threat of great bodily harm" with "fear of immediate and unlawful bodily injury." Section 667.6 was not correspondingly amended at the time. It continued to refer, in both subdivisions (c) and (d), to violations of sections 286 and sections 288a committed by threat of "great bodily harm." Section 667.6 was amended to conform to sections 286 and 288 by stat.1985, c. 401 § 1, effective July 31, 1985