[No. C047871. Third Dist. June 2, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN HENRY REED, Defendant and Appellant.

## COUNSEL

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Mary Jo Graves, Assistant Attorneys General, John G. McLean and Stan Cross, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—A jury convicted defendant John Henry Reed of the sale of cocaine base (Health & Saf. Code, § 11352, subd. (a); undesignated section references are to the Health and Safety Code). In bifurcated proceedings, defendant admitted a strike prior for robbery (Pen. Code, §§ 211, 667, subds. (b)–(i), 1170.12), a prior drug conviction (§ 11370.2, subd. (a)) and two prior prison term allegations (Pen. Code, § 667.5, subd. (b)).

Sentenced to state prison for an aggregate term of 13 years, defendant appeals, contending the three-year enhancement for his prior drug conviction is unauthorized and must be stricken because his prior conviction for *attempted* possession of a controlled substance for sale is not an included offense in section 11370.2, subdivision (a). The Attorney General concedes. We accept the concession and will modify the judgment accordingly.

Defendant's contention requires no recitation of the facts underlying the offense. With respect to the prior drug conviction, the information alleged that on May 14, 1993, defendant was convicted in Sacramento County of "the crime of attempted possession of a controlled substance for sale in violation of Section 664/11351 of the Health and Safety Code, within the meaning of . . . Section 11370.2(a)." During jury deliberations on the underlying offense, defendant admitted the prior drug conviction allegation. In sentencing defendant to state prison for an aggregate term of 13 years, the court imposed a three-year enhancement for the prior drug conviction.

Section 11370.2, subdivision (a), provides: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment."

■ Although certain crimes and a conspiracy to commit certain crimes are listed, an *attempt* to commit a certain crime is not listed. An attempt to commit a crime is neither a completed crime nor a conspiracy to commit a crime. An attempt is an offense "separate" and "distinct" from the completed crime. (*People v. White* (1987) 188 Cal.App.3d 1128, 1138 [233 Cal.Rptr. 772] (*White*), disapproved on other grounds in *People v. Wims* (1995) 10 Cal.4th 293, 314, fn. 9 [41 Cal.Rptr.2d 241, 895 P.2d 77]; *People v. Le* (1984) 154 Cal.App.3d 1, 10 [200 Cal.Rptr. 839] (*Le*), criticized on another point in *People v. Piper* (1986) 42 Cal.3d 471, 477 [229 Cal.Rptr. 125, 722 P.2d 899]; *People v. Ibarra* (1982) 134 Cal.App.3d 413, 424–425 [184 Cal.Rptr. 639] (*Ibarra*); see also *People v. Finley* (1994) 26 Cal.App.4th 454, 456–459 [31 Cal.Rptr.2d 288].)

In *White, supra,* 188 Cal.App.3d 1128, the defendant was convicted of, inter alia, *attempted* rape. The jury found a kidnapping enhancement under Penal Code section 667.8 to be true. (*White, supra,* at p. 1131 & fn. 1.) The court stayed sentence on the enhancement. On appeal, the defendant contended that attempted rape did not fall within the language of the enhancement statute. The Attorney General conceded. (*Id.* at p. 1138.) At the time of the offense, Penal Code section 667.8 provided for a three-year (now nine-year) enhancement for "[a]ny person convicted of a felony violation of [Penal Code] Section 261, 264.1, 286, 288, 288a, or 289 who, for the purpose of committing such sexual offense, kidnapped the victim in violation of Section 207 . . . ." (Stats. 1983, ch. 950, § 1, pp. 3418–3419.) *White* ordered the enhancement stricken, stating "[Penal Code s]ection 667.8, unlike various other provisions in the Penal Code (but like [Pen. Code] § 667.7), does not expressly include attempted commission of its enumerated offenses within its ambit, which we must assume is an intentional choice of the Legislature. [Citation.] And attempts, as we have noted above, are offenses distinct from the completed crime. [Citations.]" (*White, supra,* 188 Cal.App.3d at p. 1138.)

In *Le, supra,* 154 Cal.App.3d 1, the defendants were convicted of, inter alia, *attempted* forced oral copulation, the term for which was full and consecutive under Penal Code sections 667.6, subdivision (c), and 1170.1, subdivision (i). (*Le, supra,* at pp. 4–5, 10.) The defendants contended that their sentence was improper because the Penal Code sections did not apply to attempted crimes. (*Id.* at p. 10.) *Le* agreed, stating, "Full consecutive terms and full consecutive enhancements are only authorized for violations of certain sex crimes enumerated in [Penal Code] section 667.6, subdivision (c) and [Penal Code] section 1170.1, subdivision (i). Although forcible oral copulation is specifically listed in [Penal Code] section 667.6, subdivision (c), *attempted* forced oral copulation ([Penal Code] §§ 664/288a) is not. Because attempted crimes are considered to be separate and distinct, they are not automatically included in the list of sexual offenses to which [Penal Code] section 667.6, subdivision (c) applies. [Citations.]" (*Id.* at pp. 10–11.)

In *Ibarra, supra,* 134 Cal.App.3d 413, the defendant was convicted of voluntary manslaughter, attempted voluntary manslaughter, and attempted robbery, and his sentence was enhanced pursuant to Penal Code section 667.5, subdivision (a), for an attempted murder committed in Texas, an enhancement allegation he admitted prior to trial. (*Ibarra, supra,* at pp. 416, 424.) The defendant contended that the Texas attempted murder was not a

"violent felony" within the meaning of the enhancement statute. (*Id.* at p. 424.) *Ibarra* agreed, finding that the enhancement statute did not apply to attempts to commit the crimes specifically listed as violent felonies. (*Id.* at p. 425.)[1]

"Section 11370.2 was enacted in 1985. [Citation.] As originally enacted, it provided that the sentences of persons convicted of committing certain offenses regarding controlled substances would be lengthened by three years for each prior conviction of certain drug-related felonies. Both the instant offenses eligible for enhancement, and the prior offenses supporting the enhancements, were defined in terms of completed offenses. [Citation.] Accordingly, a current conviction of conspiracy to commit one of the specified offenses was not subject to enhancement, and a prior conviction of conspiracy would not support an enhancement.

"In 1989, the Legislature amended section 11370.2 to expand the circumstances in which enhancements could be imposed and the types of prior convictions which would support them. [Citation.] In particular, the section was changed to enhance the sentences for conspiracy as well as completed offenses, and to permit the enhancements to be supported by prior conspiracy convictions as well as prior convictions of completed offenses." (*People v. Porter* (1998) 65 Cal.App.4th 250, 253 [75 Cal.Rptr.2d 914]; see Stats. 1989, ch. 1326, § 1.5, pp. 5325–5326.)

■ As the statute now reads, neither a current conviction of an attempt to commit a specified crime nor a prior conviction of an attempt to commit a specified crime supports an enhancement under section 11370.2, subdivision (a). "[I]f the Legislature had intended to include attempts in the enhancement provisions, it would have specifically stated the enhancement applie[d] to the 'commission or attempted commission' of specific crimes . . . ." (*Le, supra,* 154 Cal.App.3d 1, 11.)

We will modify the judgment to strike the three-year enhancement for the prior drug conviction (§ 11370.2, subd. (a)).

We note an error in preparation of the abstract of judgment. It reflects only one Penal Code section 667.5, subdivision (b), enhancement for a term of two years when it should reflect two Penal Code section 667.5, subdivision (b), enhancements, each for a term of one year. We will order the abstract corrected accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [109 Cal.Rptr.2d 303, 26 P.3d 1040].)

---

[1] Penal Code section 667.5 has been amended since *Ibarra, supra,* 134 Cal.App.3d 413, to include attempted murder as a "violent felony." (Pen. Code, § 667.5, subd. (c)(12); Stats. 1989, ch. 1012, § 1, pp. 3508–3510.)

## DISPOSITION

The judgment is modified by striking the prior drug conviction enhancement of three years (§ 11370.2, subd. (a)), resulting in an aggregate state prison sentence of 10 years. The trial court is directed to prepare an amended abstract of judgment accordingly, as well as to correct the abstract to reflect two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)), each for a term of one year, and to forward a certified copy to the Department of Corrections. As modified, the judgment is affirmed.

Robie, J., and Cantil-Sakauye, J., concurred.