Filed 6/26/13  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

WILLIAM SHAWN SMITH,

    Defendant and Appellant.

E058380

(Super.Ct.No. FSB05283)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant William Shawn Smith appeals from an order denying his petition for recall of his indeterminate life term, under Penal Code section 1170.126, subdivision (f).[1] We will affirm the order.

BACKGROUND

Defendant was convicted in December 1995 of one count of attempted carjacking (§§ 644, 215, subd. (a)) and one count of second degree robbery (§ 211). Two strike prior allegations and two prison priors were found true. (§§ 667, subds. (b)-(i), 667.5, subd. (b).) In February 1996, the court sentenced defendant to 25 years to life on the first count, and stayed a sentenced of 25 years to life on the second count, pursuant to section 654. The court also stayed one-year terms imposed for the prison priors.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or

---

[1] All further statutory citations refer to the Penal Code.

2

subdivision (c) of Section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Defendant's current conviction is for one serious felony and one violent felony.[2] On November 14, 2012, defendant filed a petition for writ of habeas corpus essentially conceding that he does not qualify for resentencing by the terms of the statute, but asserting that section 1170.126 violates his constitutional right to the equal protection of the law because it differentiates between individuals sentenced under the three strikes law for nonviolent, nonserious felonies and individuals sentenced under the three strikes law for violent and/or serious felonies.

The trial court deemed the petition to be a petition for recall of sentence under section 1170.126 and appointed the public defender to represent defendant, who waived his presence. On March 15, 2013, after a hearing, the court denied the petition, finding that defendant's crimes are serious felonies under section 1192.7.

Defendant filed a timely notice of appeal.

---

[2] Attempted carjacking is a serious felony. (§ 1192.7, subd. (c)(27), (c)(39).) Robbery of any kind is a violent felony. (§ 667.5, subd. (c)(9).)

## LEGAL ANALYSIS

### DEFENDANT'S COUNSEL'S BRIEF

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)

Counsel stated that she had considered as a possible issue whether the trial court erred in denying defendant's petition for resentencing. Robbery of any kind is a violent felony. (§ 667.5, subd. (c)(9).) Attempted carjacking is a serious felony.[3] (§ 1192.7, subd. (c)(27), (c)(39).) Accordingly, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (f).

We have independently examined the record and have found no arguable issues. We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

### DEFENDANT'S SUPPLEMENTAL BRIEF

We offered defendant the opportunity to file any supplemental brief he deemed necessary. He did so, again raising his equal protection contention. We reject that contention.

---

[3] Attempts, other than attempted murder, are not included in section 667.5, subdivision (c), as violent felonies. (*People v. Reed* (2005) 129 Cal.App.4th 1281, 1284-1285 & fn. 1.)

4

For purposes of equal protection, most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200.) "[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. Where there are plausible reasons for [the classification], our inquiry is at an end." (*Id*. at pp. 1200-1201, internal quotation marks and citations omitted.) "[T]hose attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it." (*Id*. at p. 1201, internal quotation marks and citations omitted.)

For purposes of a statute which offers a substantial reduction in sentence, it is clearly rational to distinguish between inmates convicted of serious or violent offenses and inmates convicted of nonserious or nonviolent offenses. Defendant offers no argument to the contrary. Accordingly, he has failed to meet his burden ""'to negative every conceivable basis"'" which supports the legislation's distinction. (*People v. Hofsheier*, *supra*, 37 Cal.4th at pp. 1200-1201.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

RICHLI

J.

KING

J.

6