[No. E020448. Fourth Dist., Div. Two. June 29, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ESSEX PORTER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A, B, C, D, E and F.

**COUNSEL**

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.**—A defendant convicted of two drug offenses appeals from the judgment against him. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In the first count of the information, the defendant was charged with manufacturing phencyclidine (PCP) in violation of Health and Safety Code section 11379.6, subdivision (a).[1] In the second count, he was charged with possessing piperidine and cyclohexanone, or a product of them, with the intention of manufacturing PCP, in violation of section 11383, subdivision (b). In addition, the information alleged a variety of enhancements: two prior serious or violent felonies (Pen. Code, § 667); two federal convictions, which were alleged to justify enhancements under section 11370.2; and four failures to remain free of custody for five years after serving a prison term (Pen. Code, § 667.5, subd. (b)).

The defendant was found guilty as charged, and all the enhancement allegations were found to be true. After an unsuccessful motion for a new

---

[1]Unless specified otherwise, all section references are to this code.

trial, the defendant was sentenced to prison for 59 years to life. The term consisted of consecutive 25-year-to-life terms for both counts, plus nine years for the various enhancements.

## CONTENTIONS

The defendant challenges the validity of the convictions on both counts, the denial of the new trial motion, and the enhancements regarding the prior federal convictions.

## DISCUSSION

A.-F.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### G. *The Trial Court Did Not Err by Imposing Enhancements for the Two Federal Prior Convictions.*

Pursuant to section 11370.2, subdivision (b), the trial court imposed separate three-year enhancements on both of the federal prior convictions. The defendant contends that the trial court erred in two respects.[3]

First, he contends that the trial court violated Penal Code section 654, because the two federal "offenses were committed at the same time and were the product of a single course of conduct." However, he offers no citation to any evidence to support that factual allegation, even after that omission was noted by the People. Accordingly, the defendant has failed to demonstrate that Penal Code section 654 applies.

■   Second, he notes that subdivision (e) of section 11370.2 provides: "The conspiracy enhancements provided for in this section shall not be imposed unless the trier of fact finds that the defendant conspirator was substantially involved in the planning, direction, execution, or financing of the underlying offense." One of his two prior offenses was for conspiracy. He argues that the trial court erred by enhancing his sentence on the basis of

---

*See footnote, *ante*, page 250.

[3]Initially, the defendant raised a third argument: that because section 11370.2 refers only to violations of California penal statutes, federal convictions for violations of federal penal statutes did not justify enhancements under that section. However, in his reply brief, he concedes that Penal Code section 668 disproves that contention.

that prior conviction because the trial court did not expressly find that the defendant's level of participation in that prior conspiracy exceeded the minimum threshold described in subdivision (e). He is mistaken, because subdivision (e) applies only to the defendant's level of participation in the instant conspiracy, not the prior conspiracy conviction.

Section 11370.2 was enacted in 1985. (Stats. 1985, ch. 1398, § 2, p. 4948.) As originally enacted, it provided that the sentences of persons convicted of committing certain offenses regarding controlled substances would be lengthened by three years for each prior conviction of certain drug-related felonies. Both the instant offenses eligible for enhancement, and the prior offenses supporting the enhancements, were defined in terms of completed offenses. (*Ibid.*) Accordingly, a current conviction of conspiracy to commit one of the specified offenses was not subject to enhancement, and a prior conviction of conspiracy would not support an enhancement.

In 1989, the Legislature amended section 11370.2 to expand the circumstances in which enhancements could be imposed and the types of prior convictions which would support them. (Stats. 1989, ch. 1326, § 1.5, pp. 5325-5326.) In particular, the section was changed to enhance the sentences for conspiracy as well as completed offenses, and to permit the enhancements to be supported by prior conspiracy convictions as well as prior convictions of completed offenses. For instance, subdivision (b) of section 11370.2 was amended to read: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11378.5, 11379.5, 11379.6, 11380.5, or 11383 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment."

As a result, section 11370.2 permits the consideration of two types of conspiracies—a current conviction for conspiracy and a prior conviction of conspiracy—when determining the enhancement to be imposed. Unfortunately, when section 11370.2, subdivision (e), quoted above, limits the "conspiracy enhancements" to those conspiracies in which the defendant was "substantially involved," it does not distinguish between those two classes of conspiracies. Therefore, it is unclear from the statutory language whether the prescribed level of participation must be present in a current conspiracy, a conspiracy for which the defendant suffered a prior conviction, or both.

The legislative history of this amendment sheds little light on the intended meaning of the language of subdivision (e) of section 11370.2.[4] However, two circumstances indicate that the Legislature intended to require a particular level of participation only in the current conspiracy, rather than any prior conspiracies.

First, the bill which amended section 11370.2 also amended section 11370.4. (Stats. 1989, ch. 1326, § 2.5, pp. 5327-5328.) Section 11370.4 requires the imposition of enhancements based upon the quantity of the controlled substance involved. The 1989 amendments expanded the class of current offenses subject to enhancements to include convictions of conspiracy to commit certain offenses. Because the enhancements are based upon the quantity of the controlled substance rather than on the existence of prior convictions for similar offenses, the section refers to only one tier of conspiracies, i.e., those forming the basis for the current conviction. Nevertheless, section 11370.4 uses virtually identical language to that in subdivision (e) of section 11370.2: "The conspiracy enhancements provided for in this subdivision shall not be imposed unless the trier of fact finds that the defendant conspirator was substantially involved in the planning, direction, execution, or financing of the underlying offense." (§ 11370.4, subds. (a) & (b).)

Second, the 1989 amendments to section 11370.2 were accomplished by two bills, Assembly Bills Nos. 2185 and 2448, 1989-1990 Regular Session, both of which were ultimately amended to include the provisions of the other. (Compare Stats. 1989, ch. 1245, §§ 3 & 4, pp. 4910-4911, to *id.*, ch. 1326, §§ 3 & 4, pp. 5328-5329.) The language in question was first added to Assembly Bill No. 2185 on May 17, 1989. At that time, the bill expanded the offenses which may be enhanced to include conspiracies, but did not yet include conspiracies among the prior convictions which would support the enhancements.

In short, both in the former version of the legislation which amended section 11370.2, and in the current version of section 11370.4, the language in question can only be construed to refer to a conspiracy for which the defendant is currently being sentenced. Because that same language is employed in the version of section 11370.2 which was ultimately passed by the Legislature, we give that language the same meaning. The sentence for a

[4]In addition to requesting documentation of the legislative history from the State Archives, we invited the parties to obtain and request judicial notice of the relevant documents. Both sides have done so. Their respective requests are granted except to the extent that they pertain to enrolled bill reports, letters to and from legislators, and other materials that are irrelevant to a determination of the Legislature's intent. (*McDowell* v. *Watson* (1997) 59 Cal.App.4th 1155, 1161-1162, fn. 3 [69 Cal.Rptr.2d 692].)

current conviction of conspiracy may be enhanced only if the defendant was substantially involved in that conspiracy. If the defendant has suffered prior convictions for conspiracy, those prior convictions will support the enhancements whether or not the defendant was substantially involved in those prior conspiracies.

Here, the defendant challenges only the lack of evidence that he was substantially involved in the conspiracy which formed the basis for his prior federal conviction. Since the statutory requirement of substantial involvement applies only to conspiracies constituting the current offense, the lack of evidence concerning the extent of the defendant's involvement in the prior conspiracy is irrelevant.

### DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Ward, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 14, 1998.