[No. B216215. Second Dist., Div. Six. Oct. 18, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
GREEN NEWTON, Defendant and Appellant.

## Counsel

Lori E. Kantor, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and Margaret E. Maxwell, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GILBERT, P. J.—Health and Safety Code section 11370.2, subdivision (a) requires a three-year enhancement when a defendant is convicted of certain drug offenses and has suffered prior convictions for the same or other specified drug convictions whether or not the prior conviction resulted in a term of imprisonment.[1]

Here we conclude the enhancement may be imposed even when execution of sentence on the prior conviction was stayed under Penal Code section 654. We affirm.

## FACTS

A jury found Green Newton guilty of two counts of sale of a controlled substance, cocaine. (§ 11352, subd. (a).) In a bifurcated proceeding, the trial court found true that Newton suffered two prior drug convictions in 2007, possession for sale (§ 11351) and transportation (§ 11352) of a controlled substance. The prior convictions were charged as enhancements under section 11370.2, subdivision (a).

The trial court sentenced Newton to the middle term of four years on count 1, and a consecutive 16 months (one-third the middle term) on count 2. The court also sentenced Newton to two consecutive three-year enhancements pursuant to section 11370.2, subdivision (a), for a total term of 11 years four months.

## PRIOR CONVICTIONS

In June of 2006, Newton was stopped by the police while driving in Newport Beach. The police found a plastic baggie in his pocket containing eight one-inch-by-one-inch plastic squares. The one-inch plastic squares contained cocaine. In Newton's car, the police found a plastic baggie containing 13 grams of loose cocaine and numerous empty one-inch plastic squares.

Newton pled guilty to both possession for sale (§ 11351) and transportation (§ 11352) of a controlled substance. The advisement and waiver of rights form he signed shows his "Maximum Total Punishment." The form shows the violation of section 11351 as count 1; the sentence range is shown as two, three or four; and under "Total Penalty Years" is "<654>." The violation of section 11352 is shown as count 2; the sentence range is shown as three, four

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

or five; and the "Total Penalty Years" is five. Finally, "5 yrs." is listed as the "Maximum Total Punishment." The trial court placed Newton on probation.

## DISCUSSION

Newton contends the trial court erred in imposing two three-year enhancements under section 11370.2, subdivision (a). Newton argues the enhancement does not apply to count 1 of his prior conviction because punishment for that count was stayed under Penal Code section 654.

Section 11370.2, subdivision (a) provides in part: "Any person convicted of a violation of . . . Section . . . 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of . . . Section 11351 [or] 11352, . . . whether or not the prior conviction resulted in a term of imprisonment."

■ Penal Code section 654 prohibits multiple punishment for a single act or a continuous and indivisible course of conduct. (*People v. Akins* (1997) 56 Cal.App.4th 331, 338 [65 Cal.Rptr.2d 338].) In *People v. Pearson* (1986) 42 Cal.3d 351, 361 [228 Cal.Rptr. 509, 721 P.2d 595], our Supreme Court concluded that unless the Legislature explicitly declares otherwise, the defendant cannot be subjected to future enhancements based on convictions for which service of the sentence was stayed. The court said, "[I]t is clear that section 654 prohibits defendant from being disadvantaged in any way as a result of the stayed convictions." (*Ibid.*)

The People argue that Newton's sentence was not actually stayed under Penal Code section 654 because he was granted probation. But the imposition of one of the section 11370.2 enhancements is punishment arising from a conviction that qualifies under section 654. Section 654 bars any punishment. It is irrelevant that Newton was initially granted probation.

The People argue it is not clear that Penal Code section 654 mandated a stay of Newton's prior conviction. The People rely on *People v. Porter* (1998) 65 Cal.App.4th 250, 252 [75 Cal.Rptr.2d 914]. There the defendant claimed the trial court violated section 654 because his two prior federal offenses were committed at the same time and were the product of a single course of conduct. The Court of Appeal refused to consider the contention because the defendant offered no evidence to support the factual allegation.

Here, in contrast, Newton points to the advisement and waiver he signed at the time of his prior pleas of guilty. That document makes it abundantly clear

that the trial court found count 1 was subject to Penal Code section 654, and the maximum punishment would consist only of the high term for count 2.

The People discuss ways in which a court could find that Newton's prior convictions are not subject to Penal Code section 654. It may be true that a court could have found Newton had two different objectives when he committed the prior offense. (See *People v. Latimer* (1993) 5 Cal.4th 1203, 1208 [23 Cal.Rptr.2d 144, 858 P.2d 611] [" 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor.' "].) But the prior trial court did not so find. Instead it found section 654 applied. That finding is supported by the evidence, and we must uphold it on appeal. (*People v. Akins, supra*, 56 Cal.App.4th at p. 339.) The People cite no authority that a subsequent trial court has the power to reach a different conclusion.

The People argue section 11370.2, subdivision (a) explicitly authorizes the trial court to impose the enhancement even where Penal Code section 654 applies. The People point out that section 11370.2, subdivision (a) provides for application of the enhancement "whether or not the prior conviction resulted in a term of imprisonment."

Newton claims the statutory language does nothing more than authorize imposition of the enhancement where the prior conviction resulted in a grant of probation. The People do not contest that the statutory language includes a grant of probation, but argue that the language is broad enough to encompass a stay under Penal Code section 654.

In *People v. Benson* (1998) 18 Cal.4th 24 [74 Cal.Rptr.2d 294, 954 P.2d 557], our Supreme Court considered whether a prior conviction that resulted in a stayed sentence under Penal Code section 654 could constitute a strike within the meaning of the "Three Strikes" law. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.) The question was whether Penal Code section 1170.12, subdivision (b) constituted an explicit legislative exception to section 654 as required under *Pearson*. Section 1170.12, subdivision (b)(1) provides in part, "None of the following dispositions shall affect the determination that a prior conviction is a prior felony . . . ." There follows a list of four dispositions, including, "The stay of execution of sentence." (*Id.*, subd. (b)(1)(B).)

Our Supreme Court agreed with the Court of Appeal that the statutory language is clear and unambiguous. (*People v. Benson, supra*, 18 Cal.4th at p. 30.) The language stated an exception to Penal Code section 654 sufficient to satisfy *Pearson*. (18 Cal.4th at p. 30.) The court acknowledged that the term "stay" arises in a number of contexts other than section 654. (18 Cal.4th

at p. 31.) The court, however, stated, "In view of the statute's general, all-encompassing language, and the variety of contexts in which a stay may be granted, the electorate was not required to enumerate specifically each and every type of stay it intended to override." (*Id.* at p. 32.)

The term "stay of execution" considered in *Benson* is an example of the proper language used for a disposition pursuant to Penal Code section 654. (See *People v. Pearson, supra*, 42 Cal.3d at p. 360.) The language of Penal Code section 1170.12, subdivision (b) is clear and unequivocal. It constitutes an explicit legislative exception to section 654.

Section 11370.2, subdivision (a), however, does not use the term "stay of execution." Instead it provides the enhancement applies "whether or not the prior conviction resulted in a term of imprisonment." *Pearson* states that Penal Code section 654 applies to prevent subsequent enhancements "unless the Legislature explicitly declares that subsequent penal or administrative action may be based on such stayed convictions."[2] (*People v. Pearson, supra*, 42 Cal.3d at p. 361.)

■ We conclude the language in section 11370.2 is sufficiently explicit to override Penal Code section 654's stay. *In re Pope* (2010) 50 Cal.4th 777 [114 Cal.Rptr.3d 225, 237 P.3d 552] is instructive. *Pope* concerned the amount of credit a prisoner could earn if he participates in work or training programs. Penal Code section 2933.1, subdivision (a) limits the credit time for those prisoners who had committed certain qualifying violent felonies to no more than 15 percent of their term of incarceration. "Notwithstanding any other law, any person who is convicted of [certain proscribed felonies] . . . shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." (*Ibid.*)

The sentences imposed on the qualifying offenses for which Pope had been convicted were stayed pursuant to Penal Code section 654. Our Supreme Court concluded that Pope was limited to the 15 percent credit limit even though his sentences for the qualifying offenses were stayed under section 654. The *Pope* court reasoned that although execution of Pope's sentences was stayed under section 654, his convictions for the qualifying offenses were not stayed or dismissed. (See *ante*, fn. 2.)

Penal Code section 2933.1, subdivision (a) is sufficiently explicit to except the application of Penal Code section 654. Section 11370.2, which requires an enhancement for a prior offense irrespective of whether a defendant served a prior prison term, is even more explicit in excepting the application of section 654.

---

[2] Apparently the *Pearson* court means "stayed sentences."

There may be a myriad of reasons a defendant does not serve a prior prison term. These include a probationary sentence or a suspended sentence pursuant to a plea bargain. A stayed sentence under Penal Code section 654 is the product of multiple offenses that arise from an indivisible course of conduct. In such a case the defendant presumably received an appropriate sentence under one of the charges. It may seem unfair that defendant receives an enhanced sentence for a crime for which he was not sentenced. But a prior offense is nevertheless a conviction. And section 654 does not shield a defendant from a conviction.

In discussing conduct credits, our high court cited its decision in *People v. Buckhalter* (2001) 26 Cal.4th 20, 28–29 [108 Cal.Rptr.2d 625, 25 P.3d 1103], and acknowledged that " 'application of the complex statutory sentence-credit system to individual situations' " is likely to produce some incongruous results and arguable unfairness when compared to a theoretical state of perfect and equal justice. [Because] there is no simple or universal formula to solve all . . . credit issues, our aim [must be] to provide . . . a construction [of the statutory scheme] which is faithful to its language, which produces fair and reasonable results in a majority of cases, and which can be readily understood and applied by trial courts.' " ' " (*In re Pope, supra,* 50 Cal.4th 777, 786.)

The same reasoning applies to the application of a sentence enhancement to a defendant previously convicted of section 11370.2 for which the sentence was stayed pursuant to Penal Code section 654.

■ The absence of any reference to Penal Code section 654 in section 11370.2 does not change our view. *People v. Duff* (2010) 50 Cal.4th 787 [114 Cal.Rptr.3d 233, 237 P.3d 558] spoke to the restrictions upon the earning of presentence and postsentence credits vis-à-vis section 654. These restrictions apply "[n]otwithstanding any other law." (Pen. Code, § 2933.1, subd. (a).) "We have made it plain, with respect to statutes employing the same 'notwithstanding' language, that a statute may prevent or negate the operation of section 654 even in the absence of an express reference to that provision. (*People v. Palacios* (2007) 41 Cal.4th 720, 730 [62 Cal.Rptr.3d 145, 161 P.3d 519] [under § 12022.53, and in the absence of any specific reference to § 654, three firearm-use enhancements may be imposed in connection with offenses committed against a single victim with a single shot]; *People v. Benson*[, *supra,*] 18 Cal.4th 24, 32–33 . . . [under § 1170.12, subd. (b), and in the absence of any specific reference to § 654, prior felony

conviction qualified as strike, despite the circumstance that the trial court in the prior proceeding stayed execution of sentence for one or more of the felonies, pursuant to § 654].)" (*Duff*, at p. 798.)

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 2, 2011, S188482. Werdegar, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.