[No. C016649. Third Dist. Mar. 21, 1995.]

JAMES GRAHAM, Plaintiff and Appellant, v.
STATE BOARD OF CONTROL, Defendant and Respondent.

254

## COUNSEL

Eisen & Johnston, Jay-Allen Eisen, Marian M. Johnston, Karen Leaf, Ann Perrin Farina and Michael J. Siegel for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, Martin H. Milas and Christine B. Mersten, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—James Graham (plaintiff) appeals from a judgment denying his petition for a writ of mandamus (Code Civ. Proc., § 1094.5) to set aside a decision of respondent State Board of Control (Board) which denied his application for restitution as the victim of a violent crime (Gov. Code, §§ 13959-13969.3 (hereafter the Statute); all references to sections of an undesignated code are to the Government Code.) The Statute authorizes a crime victim and specified members of the victim's family to obtain restitution for pecuniary loss suffered as a direct result of a criminal act. (See §§ 13959, 13960, subd. (a); Cal. Code Regs., tit. 2, § 649, subd. (k).) A victim who "the [B]oard finds . . . knowingly and willingly participated in the commission of the crime" is ineligible to receive restitution. (§ 13960, subd. (c)(1).)

Plaintiff is the stepfather of Nicole B., a child alleged to be the victim of sexual molestation. Plaintiff filed an application for restitution, seeking payment for expenses he claimed were the direct result of Nicole's molestation, i.e., for therapy to treat his own emotional trauma. (See § 13960, former subd. (a)(3) & (4).) After hearings, the Board denied plaintiff's claim, stating in relevant part: "Following . . . discussion and upon consideration of the information and testimony presented, the Board [denies] the claim as it was not persuaded, and could not find, that [plaintiff] was not the perpetrator of the crime."

On appeal, plaintiff attacks the superior court's judgment on several bases. Among them is the contention that the superior court erred in refusing to mandate the Board to vacate its decision because the decision is not supported by the Board's findings. (Code Civ. Proc., § 1094.5, subd. (b).) This contention is well taken and is dispositive of this appeal. We shall reverse and remand to the superior court with directions to issue a peremptory writ of mandate directing the Board to set aside its order denying plaintiff's claim and proceed in a manner consistent with this opinion.

We summarize the evidence before the Board.

In September 1989, plaintiff's wife, Lindy, reported to police she suspected her five-year-old daughter, Nicole, had been sexually molested. Lindy told police she noticed redness in Nicole's vaginal area after Nicole returned from weekend visitation with her natural father, K. B. (Brad). According to Lindy, Nicole stated Brad had touched her vaginal area.

Detective Doug Blaydes investigated Lindy's allegations. Blaydes interviewed Brad who informed Blaydes there was animosity between him and Lindy after their dissolution. Brad suspected plaintiff had influenced Nicole to believe that Brad had molested her.

Blaydes interviewed plaintiff. Plaintiff appeared to Blaydes "nervous and [] defensive," and made inconsistent statements. Plaintiff first denied he had ever bathed Nicole or cleaned her after she had gone to the bathroom. Later in the interview, plaintiff stated he noticed redness in Nicole's vaginal area when he bathed her. Plaintiff denied that he coached Nicole to give specific answers to questions. Plaintiff also denied he had molested Nicole.

Plaintiff's ex-wife told Blaydes that plaintiff had a history of sexual molestation, in particular, that plaintiff had sexual relations with teenage

babysitters and with his natural daughter when she was 15 years old. Blaydes spoke to one of plaintiff's former babysitters and she informed Blaydes that plaintiff had sexual relations with her about six years ago and had paid her not to tell anyone about it.

The district attorney declined to file charges regarding the molestation of Nicole, citing "insufficient evidence to prove a crime had occurred and the inability of the victim to qualify as a witness in court."[1]

In October 1989, a petition was filed in juvenile court alleging Nicole had been sexually abused or was in danger of being abused. (Welf. & Inst. Code, § 300, subd. (d).) Nicole was declared a dependent child of the court. Plaintiff was ordered out of the family home and was restricted to monitored visitation with Nicole.

A therapist reported in February 1991 that Nicole had recanted her charge of molestation, although the therapist believed a molestation had in fact occurred. The therapist stated suspicion regarding plaintiff's involvement continued. Later, after further review, the therapist concluded plaintiff was not a suspect in the molestation. Other therapists also were of the opinion plaintiff did not molest Nicole.

In August 1991, the juvenile court issued an "Order of Findings": "[I]t is found that no determination has been made finding [plaintiff] to be the perpetrator of abuse." The juvenile court continued jurisdiction, and allowed plaintiff to return to the family home but prohibited him from being alone with Nicole and required that he continue counseling. On July 1, 1992, all restrictions on plaintiff with respect to Nicole were terminated.

Detective Blaydes personally appeared at the hearing and gave a statement. He informed the Board that the molestation case remained open but inactive because plaintiff and his family had moved from the jurisdiction. Blaydes stated he no longer considered Brad a suspect and that plaintiff remained the primary suspect in the molestation.

At the conclusion of the hearing, the Board denied plaintiff's claim for restitution, the chairman stating: "[W]e are not persuaded that in this particular case [plaintiff] isn't the perpetrator."

---

[1]The Statute provides that "No application shall be denied solely because no criminal complaint has been filed," except where it was not filed because of the victim's involvement in the commission of the crime. (§ 13964, subd. (e).)

Thereafter, counsel for plaintiff received written notification from the Board "that at its meeting on September 14, 1992, the [Board] discussed the aforementioned claim relative to the issue of whether [plaintiff] should be eligible to receive assistance from the Victims of Crime Program. Following their discussion and upon consideration of the information and testimony presented, the Board denied the claim as it was not persuaded, and could not find, that [plaintiff] was not the perpetrator of the crime." The Board made no other findings.

█ The Statute declares it is "in the public interest to assist residents of the State of California in obtaining restitution for the pecuniary losses they suffer as a direct result of criminal acts." (§ 13959.) The Statute is administered by the Board which has adopted regulations for the purpose of carrying into effect its provisions. (§ 13968, subd. (a); Cal. Code Regs, tit. 2, § 649 et seq.; see *Burnsed* v. *State Bd. of Control* (1987) 189 Cal.App.3d 213, 216 [234 Cal.Rptr. 316].) These regulations have the force and effect of law. (§ 811.6.)

At the time plaintiff filed his application for benefits, section 13964 stated in relevant part:

"(a) [T]he [B]oard shall approve [an] application [for benefits under the Act] if a preponderance of the evidence shows that as a direct result of the crime the victim incurred an injury which resulted in a pecuniary loss.

"(b) An application for assistance may be denied, in whole or in part, if the board finds that denial is appropriate because of the nature of the victim's involvement in the events leading to the crime or the involvement of the persons whose injury or death give rise to the application.

"(c) No victim shall be eligible for assistance under the provisions of this article under any of the following circumstances:

"(1) *The board finds that the victim or the person whose injury or death gave rise to the application knowingly and willingly participated in the commission of the crime.* [¶] (2) The victim or the person whose injury or death gave rise to the application failed to cooperate with a law enforcement

agency in the apprehension and conviction of a criminal committing the crime." (Italics added.)[2]

Plaintiff presented uncontradicted evidence that as a direct result of the criminal molestation of Nicole, he suffered injury resulting in pecuniary loss. (See § 13964, subd. (a).) The Board made no finding as to the weight and value of this evidence. As a reviewing tribunal, we are not competent to evaluate the evidence to determine whether it preponderates. That is a question within the province of the Board as the fact finder. Assuming the Board had found plaintiff's evidence of injury and pecuniary loss resulting from the molestation satisfied his burden to prove those elements of eligibility by a preponderance of the evidence, the Board would have had no alternative but to award plaintiff restitution (§ 13964, subd. (a)) unless the Board found denial appropriate under section 13964, subdivision (b) or plaintiff ineligible for restitution under section 13964, subdivision (c).

The Board denied plaintiff's application for restitution but made no finding that denial was appropriate under section 13964, subdivision (b) or that plaintiff was ineligible under section 13964, subdivision (c). The only "finding" the Board made was that it "could not find, that [plaintiff] was not the perpetrator of the crime." It appears that the Board entertained a doubt whether plaintiff "knowingly and willingly participated in the commission of the crime." (§ 13964, subd. (c)(1).) But mere doubt on that score does not equate with statutory ineligibility for benefits.

In matters of statutory construction our fundamental concern is legislative intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257

---

[2]When plaintiff filed his application for benefits, the Statute defined "victim" in relevant part as follows: "As used in this article: [¶] (a) 'Victim' means any of the following residents of the State of California, or military personnel and their families stationed in California: [¶] (1) A person who sustains injury or death as a direct result of a crime. [¶] . . . [¶] (3) Any member of the family of a victim specified by paragraph (1) or any person in close relationship to such a victim, if that member or person was present during the actual commission of the crime, or any member or person herein described whose treatment or presence during treatment of the victim is medically required for the successful treatment of the victim. [¶] (4) Any member of the family of a person who sustains injury or death as a direct result of a crime when the family member has incurred emotional injury as a result of a crime. Pecuniary loss to these victims shall be limited to only medical expenses, mental health counseling expenses, or both, of which the maximum award shall not exceed ten thousand dollars ($10,000)." (Stats. 1989, ch. 515, § 1, p. 1766.)

Plaintiff claims victim status under the Statute as Nicole's stepfather and, thus, a member of her family. (Cal. Code Regs., tit. 2, § 649, subd. (k).) Plaintiff asserts he required treatment for emotional trauma suffered as a result of the criminal molestation of Nicole and that those expenses are reimbursable under section 13960, former subdivision (a)(4). He further asserts his treatment was medically required for the successful treatment of Nicole and therefore his treatment expenses are also reimbursible under section 13960, former subdivision (a)(3).

The Board does not contest plaintiff's eligibility for victim status under section 13960.

Cal.Rptr. 708, 771 P.2d 406].) In order to determine intent, we begin with the language of the statute itself. (*Ibid.*) If the language is clear, there is no need to resort to other indicia of intent; there is no need for construction. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Section 13964, subdivision (c)(1) unambiguously provides that if a victim is to be found ineligible for restitution because of knowing and willing participation in the crime, the Board must so find. A mere doubt as to that issue is not disqualifying. In denying plaintiff's application solely on the basis of such a doubt, the Board prejudicially abused its discretion (Code Civ. Proc., § 1094.5, subd. (b)) and, accordingly, the judgment must be reversed.

■ Plaintiff also would have us condemn as ultra vires a Board regulation which puts the burden on the applicant for restitution to prove by a preponderance of the evidence that "the victim did not, by his/her acts, contribute to the injuries suffered."[3] To the extent the regulation, California Code of Regulations, title 2, section 649.4, was applied here to place the burden on the plaintiff to negative any potential ineligibility for benefits pursuant to subdivision (c)(1) of section 13964, we agree. The Statute provides that the applicant has satisfied his burden when his proof establishes by a preponderance of the evidence "that as a direct result of the crime the victim . . . incurred an injury which resulted in a pecuniary loss." (§ 13964, subd. (a).)

The Board has no power to adopt a regulation in conflict with or which alters or violates a statute. (§ 11342.2; *California Welfare Rights Organization* v. *Carleson* (1971) 4 Cal.3d 445, 455 [93 Cal.Rptr. 758, 482 P.2d 670]; *Cabral* v. *State Bd. of Control* (1980) 112 Cal.App.3d 1012, 1017 [169 Cal.Rptr. 604].)

It may be in a particular case that the victim's evidence offered to establish his entitlement to benefits will also sufficiently establish his participation in the commission of the crime so as to support a finding of ineligibility. But in the ordinary case, as here, the victim's evidence will reveal no such involvement, leaving the burden of proving ineligiblity where the Statute places it—on the Board.

---

[3]California Code of Regulations, title 2, section 649.4 provides in part: "It shall be the responsibility of the applicant to prove to the satisfaction of the [B]oard, by a preponderance of the evidence . . . . that the victim did not, by his/her acts, contribute to the injuries suffered . . . ."

The judgment is reversed and the matter remanded to the superior court with directions to issue a writ of mandate ordering the Board to take further proceedings consistent with this opinion. Plaintiff shall recover his costs on appeal.

Blease, J., and Nicholson, J., concurred.