TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-804 |
| of | : | |
| | : | November 17, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JAMES L. McBRIDE, COUNTY COUNSEL OF THE COUNTY OF VENTURA, has requested an opinion on the following question:

Do the regulations adopted by the California Integrated Waste Management Board prohibit a county from claiming a categorical exemption from the requirements of the California Environmental Quality Act with respect to its adoption of a countywide waste management plan?

CONCLUSION

The regulations adopted by the California Integrated Waste Management Board do not prohibit a county from claiming a categorical exemption from the requirements of the California Environmental Quality Act with respect to its adoption of a countywide waste management plan.

ANALYSIS

The Legislature has adopted a comprehensive statutory scheme, the California Integrated Waste Management Act of 1989 (Pub. Resources Code, §§ 40000-49620; "Act"), **Footnote No. 1** to regulate the disposal of solid waste in California. Under the Act, each county must prepare and submit to the California Integrated Waste Management Board ("Board") a countywide waste management plan. (§ 41750.) After examining whether the plan complies with the Act's provisions, the Board approves, disapproves, or conditionally approves the proposed plan. (§§ 41790, 41800.)

Pursuant to its statutory authority (§ 40502), the Board has adopted regulations (Cal. Code Regs, tit. 14, §§ 18700-18831) **Footnote No. 2** governing the approval process for countywide waste management plans. The adoption of such plans may be subject to review under provisions of a separate statutory scheme, the California Environmental Quality Act (§§ 21000-21177; "CEQA"), which has as its primary goal "the long-term protection of the environment" (§ 21001, subd. (d)).

The question presented for analysis is whether the Board's regulations allow counties to claim a categorical exemption from CEQA requirements when submitting their waste management plans to the Board for approval. We conclude that a categorical exemption may be claimed.

The Board's regulation in question is Regulation 18784, which states in part:

"(a) Within 30 days of the local adoption of the [Countywide Integrated Waste Management Plan], as provided in section 18783 of this article, the county shall submit, . . . the following to the Board:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(6) a copy of the Notice of Determination, for the project's CEQA document(s), which has been filed with the State Clearinghouse in the Office of Planning and Research;

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

A "Notice of Determination" is defined in the guidelines implementing CEQA (Regs. 15000-15387) **Footnote No. 3** as a notice to be filed when a "negative declaration" or "environmental impact report" has been prepared. (Reg. 15373.) The notice includes information concerning the location where the negative declaration or environmental impact report may be viewed by the public. (Regs. 15075, 15094.)

Section 21080 specifies when a notice of determination is required:

"(a) Except as otherwise provided in this division, this division shall apply to discretionary projects proposed to be carried out or approved by public agencies, including, but not limited to, the enactment and amendment of zoning ordinances, the issuance of zoning variances, the issuance of conditional use permits, and the approval of tentative subdivision maps unless the project is exempt from this division.

"(b) This division does not apply to any of the following activities:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(9) All classes of projects designated pursuant to Section 21084.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 21084 in turn requires the CEQA guidelines to "include a list of classes of projects which have been determined not to have a significant effect on the environment and which shall be exempt" from CEQA requirements. Regulations 15300-15329 describe the classes of projects that are categorically exempt. **Footnote No. 4** If a public agency determines that a categorical exemption is applicable, it files a "notice of exemption" (§ 15062) rather than a notice of determination (§ 21152; Regs. 15075, 15094).

The Board may not adopt regulations that conflict with a state statute. (See Gov. Code, § 11342; *Graham* v. *State Board Of Control* (1995) 33 Cal.App.4th 253; *Henning* v. *Division of Occupation Safety and Health* (1990) 219 Cal.App.3d 747, 759.) Accordingly, we may not interpret the Board's regulations in a manner that would override the provisions of CEQA and preclude the claiming of an exemption under the latter statutory scheme. We believe that Regulation 18784 is valid in requiring the submission of environmental documents that are required by CEQA, but it cannot be applied in a manner that would expand the scope of CEQA. Simply put, the county is excused from submitting a notice of determination to the Board when no notice of determination is required to be filed under CEQA.

We recognize that the Board has its own responsibility under the Act, independent of the CEQA statutory scheme, to protect the environment. One of the primary purposes of the Act, which the Board administers, is "to protect the environment." (§ 40052.) "'[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.) We are to blend statutes together ""'to give effect, when possible, to all the provisions thereof." [Citation.]'" (*Austin* v. *Board of Retirement* (1989) 209 Cal.App.3d 1528, 1532.) Here, the Board's regulations could have required counties to make an environmental assessment of their proposed countywide waste management plans for purposes of the Act, with submission of a notice of determination where necessary under CEQA as one alternative for complying with the requirement. However, Regulation 18784 does not so provide.

We conclude that the regulations adopted by the Board do not prohibit a county from claiming a categorical exemption from the requirements of CEQA with respect to its adoption of a countywide waste management plan.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Public Resources Code are by section number only.
**Footnote No. 2**
All references hereafter to title 14 of the California Code of Regulations are by regulation number only.
**Footnote No. 3**
The "guidelines" are mandated by section 21083 and are, in fact, regulations. (*Santa Ana* v. *Garden Grove* (1979) 100 Cal.App.3d 521.) The guidelines are prepared by the Office of Planning and Research for adoption by the Secretary for Resources.
**Footnote No. 4**
Whether a particular categorical exemption would be applicable to the adoption of a countywide waste management plan is beyond the scope of this opinion. A determination that a project is categorically exempt from CEQA requirements is subject to judicial review. (§ 21167, subd. (d).) Additionally, here, the Board could assume the role of the county and prepare the necessary environmental documents if it believed that the filing of a notice of exemption was improper. (Reg. 15052; see *Friends of Cuyamaca Valley* v. *Lake Cuyamaca Recreation & Park Dist.* (1994) 28 Cal.App.4th 419, 426; *City of Redding* v. *Shasta County Local Agency Formation Commission* (1989) 209 Cal.App.3d 1169, 1176-1178.)