[No. E039672. Fourth Dist., Div. Two. Dec. 5, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK TODD LEWIS, Defendant and Appellant.

COUNSEL

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, James D. Dutton and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MILLER, J.—

### FACTUAL AND PROCEDURAL HISTORY

Defendant and appellant Mark Todd Lewis (defendant) pleaded guilty to two counts of attempted lewd acts on a child under Penal Code[1] sections 664 and 288, subdivision (c); two counts of exhibiting harmful material to a minor under section 288.2, subdivision (a); and procuring another to publicly expose himself under section 314.2. The trial court suspended imposition of sentence and placed defendant on three years formal probation. After successfully completing probation, defendant filed a motion seeking release from penalties under section 1203.4. The trial court denied the motion. On appeal, defendant contends that the trial court erred in denying his motion. The People concede. We agree with the parties and reverse the trial court's order.

### DISCUSSION

A. *The Trial Court Erred in Denying Defendant's Motion*

Defendant contends that the trial court erred in denying his motion for relief under section 1203.4, subdivision (a). The People agree with defendant.

Section 1203.4, subdivision (a) provides: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant . . . ."

In this case, the trial court denied defendant's motion based on subdivision (b) of section 1203.4, instead of subdivision (a) of that section. Section 1203.4, subdivision (b), states in part that the relief provided in subdivision (a) "does not apply to any . . . violation of . . . Section 288." Defendant, however, did not plead guilty to a violation of section 288. Instead, he pleaded guilty to an *attempted* violation of section 288. Therefore, the People agree with defendant that the trial court erred in denying defendant's section 1203.4 motion.

"Section 1203.4 provides that a defendant who 'has fulfilled the conditions of probation for the entire period of probation, *or* has been discharged prior to the termination of the period of probation' (italics added) is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed. [Citation.] If the petitioner establishes either of the necessary factual predicates, the trial court *is required* to grant the requested relief. [Citations.]" (*People v. Hawley* (1991) 228 Cal.App.3d 247, 249–250 [278 Cal.Rptr. 389], fn. omitted.) " 'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.' " (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788–789 [250 Cal.Rptr. 730].)

Here, neither the People nor the probation department has denied that defendant fulfilled the conditions of probation for the entire period of probation. Therefore, except for the issue of whether subdivision (b) of section 1203.4 applies in this case, defendant is entitled to relief under section 1203.4, subdivision (a). As provided above, section 1203.4, subdivision (b), states that subdivision (a) of section 1203.4 "does not apply to any misdemeanor that is within the provisions of . . . Section 288 . . . ."

■ " '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]" ' [Citation.]" (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; see also *Graham v. State Bd. of Control* (1995) 33 Cal.App.4th 253, 259–260 [39 Cal.Rptr.2d 146].)

■ In this case, section 1203.4, subdivision (b) reflects a legislative determination that persons convicted of certain offenses should not be entitled to the benefits bestowed by subdivision (a) of section 1203.4. On its face, subdivision (b) carves an exception for "any violation of . . . Section 288 . . . ." Subdivision (b), however, does not expressly except *attempted* violations of section 288. A series of cases addressing analogous issues instructs that section 1203.4, subdivision (b) should not be construed to include attempted violations of the identified offenses. (See *People v. Reed* (2005) 129 Cal.App.4th 1281, 1283–1285 [29 Cal.Rptr.3d 215].) The foundational legal principle leading to this conclusion is that "[a]n attempt to commit a crime is neither a completed crime nor a conspiracy to commit a crime. An attempt is an offense 'separate' and 'distinct' from the completed crime." (*Id.* at p. 1283.) Had the Legislature wanted to prevent persons who had attempted violations of section 288 from receiving the benefits of section 1203.4, subdivision (a), in addition to the persons who actually committed that offense, the Legislature would have said so. (See, e.g., § 667.15 [providing for enhanced punishment for certain conduct during "the commission or *attempted* commission of a violation of Section 288 . . . ." (Italics added.)].)

Based on the above, we agree with the parties that section 1203.4, subdivision (b) does not apply to this case; defendant's right to the relief provided in section 1203.4, subdivision (a), applies. Therefore, because the record shows that defendant is entitled to the mandatory relief requested under section 1203.4, subdivision (a), we hereby vacate the trial court's order denying relief and direct the court to enter a new order granting the requested relief. (See *People v. Hawley, supra*, 228 Cal.App.3d at p. 251.)

## DISPOSITION

The trial court's order denying defendant's motion under section 1203.4 is reversed and the cause is remanded to the trial court. On remand, the trial court is directed to vacate its order denying defendant's motion under section 1203.4, subdivision (a), and to enter a new order granting defendant's motion.

Hollenhorst, Acting P. J., and Gaut, J., concurred.