Filed 2/25/14  P. v. Carlton CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B247465 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA071567) |
| v. | |
| JAMES CARLTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Reversed and remanded with the directions.

William P. Daley for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

James Carlton appeals the order entered after judgment denying his petition for a dismissal of the judgment pursuant to Penal Code section 1203.4, subdivision (a)(1), after he pled guilty to attempting to commit lewd or lascivious acts with a child under the age of 14. (Pen. Code, §§ 664, 288, subd. (a)).[1]

He contends that the trial court was compelled to order the dismissal as neither the trial court nor the People denied appellant had fulfilled the terms and conditions of probation and the offense of attempted lewd and lascivious acts with a child under the age of 14 was not an excluded offense listed in section 1203.4, subdivision (b).

## BACKGROUND

On May 17, 2007, appellant was convicted after a certified plea of guilty to attempted lewd or lascivious conduct with a child and was granted three years of formal probation.[2] His probation supervision was transferred to a county probation officer in San Diego, California.

The probation report, as well as a psychological evaluation in the file, reveal that appellant was arrested for lewd conduct after he contacted a girl who told him she was 13 years of age online in an Internet chat room. Discovering her father would be out of town, appellant made arrangements to go to the girl's residence. Unbeknownst to appellant, the 13-year-old female was an National Broadcasting Company (NBC) decoy who was attempting to uncover pedophiles who were looking for underage women online. When appellant arrived at the girl's residence, he was confronted by an NBC moderator and arrested by the Long Beach Police Department.

Section 288, subdivision (a), provides that "[a]ny person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes

---

[1] All further statutory references are to the Penal Code unless otherwise designated.

[2] We take judicial notice of the contents of the superior court file in the Los Angeles County Superior Court case No. NA071567. (Evid. Code, §§ 452, subd. (d), 459, subd. (a)(1).) We have given the parties notice of our intention to take judicial notice of the superior court file.

2

provided for in Part 1, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, or passions, or sexual desires of that person or of the child, is guilty of a felony and shall be Punished by imprisonment in the state prison for three, six, or eight years."

Sometime thereafter, appellant apparently completed probation. On January 17, 2013, he filed a "Petition for Dismissal" asking for a reduction of his offense to a misdemeanor and for a dismissal of the judgment pursuant to section 1203.4. In the petition, he declared under penalty of perjury he was not serving a sentence for any other offense, he was not on probation for another offense, nor was he charged with the commission of any crime. Further, he asserted that he had fulfilled the conditions of his probation during the entire period thereof.

On that same day, January 17, 2008, the trial court read and considered the petition in appellant's absence and denied the petition. No reason for the denial was stated on the petition or in the trial court's minute order evidencing the denial of the petition.

On March 13, 2013, appellant filed a notice of appeal from the trial court's order.

## DISCUSSION

In his opening brief, appellant contends he has done all that is necessary to comply with the requirements of section 1203.4.[3] He cites the decision in *People v. Lewis* (2006)

---

[3]    Section 1203.4, subdivision (a)(1) provides: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities

3

146 Cal.App.4th 294 (*Lewis*) to demonstrate error. Therein, the *Lewis* court observed that while a person suffering a conviction for violation of section 288, subdivision (a), is specifically excluded by statute from the advantages of section 1203.4, a person convicted of an attempt of that offense is eligible for a dismissal. (*Lewis, supra,* at p. 297.)

When a defendant has fulfilled the conditions of probation for the entire probationary period, he is entitled as a matter of right to have the plea or verdict of guilty changed to one of not guilty, to have the proceedings expunged from the record and to have the accusations dismissed. (*People v. Covington* (2000) 82 Cal.App.4th 1263, 1266.)

On appeal, the Attorney General agrees that the decision in *Lewis* generally is a proper statement of the law. However, the Attorney General speculates that the problem with appellant's petition is that appellant failed in the trial court to attach to his petition any proof that he had fulfilled all the terms and conditions of probation. The court in *Lewis*, without a full discussion of that issue, placed the burden on the People and the trial court to verify a defendant's compliance with all the terms and conditions of his probation. But the court in *People v. Ignazio* (1955) 137 Cal.App.2d Supp. 881 (*Ignazio*)

---

resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission. [¶] . . . [¶] (b) Subdivision (a) of this section does not apply to . . . any violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, subdivision (j) of Section 289, Section 311.1, 311.2, 311.3, or 311.11, or any felony conviction pursuant to subdivision (d) of Section 261.5. . . ."

4

held in a more complete, reasoned discussion held that a section 1203.4 petitioner has the burden of proof in providing the trial court with reliable evidence, other than his own statement under penalty of perjury in the petition, that he has fully and timely complied with the terms and conditions of his probation.

With respect to the issue of the burden of proof, we agree with the decision in *Ignazio*. (See also *People v. Johnson* (2012) 211 Cal.App.4th 252, 261 [citing *Ignazio* on this point with approval].) Further, we note there is no declaration attached to the petition indicating that appellant timely served Los Angeles Office of the District Attorney with notice of the petition. (§ 1203.4, subd. (e).)

However, since no reason is stated for denial of the petition, we cannot determine whether the trial court erred. We will reverse the trial court's order and remand the matter to the trial court to hold a hearing to reconsider the petition. Appellant and/or his attorney may attend the hearing.

On remand, appellant will provide the trial court with proof of his full and timely compliance with the terms and conditions of his probation.

Fifteen days prior to the hearing, appellant is to file and serve a notice of his petition on the Los Angeles County Office of the District Attorney. That notice must contain a copy of the proof of his timely fulfillment of the terms and conditions of his probation.

If appellant complies with the directions in this opinion, and unless the People provide the trial court with other available grounds for refusing to grant appellant relief at the hearing, the trial court shall grant the petition.

## DISPOSITION

The order under review is reversed.  The matter is remanded to the trial court for further proceedings in compliance with the directions contained in this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:


CROSKEY, J.


ALDRICH, J