Filed 3/27/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANTHONY JOSEPH MARINELLI,<br><br>    Defendant and Respondent. | H039416<br>(Santa Clara County<br>Super. Ct. No. CC763357) |

This appeal presents a single question of statutory construction: whether a conviction for *attempted* lewd or lascivious acts on a child under 14 constitutes "any violation of [Penal Code] Section 288," which prohibits lewd or lascivious acts on a child under 14, for purposes of Penal Code section 1203.4, subdivision (b).[1] We agree with our colleagues in the Fourth District that it does not. Accordingly, we affirm the superior court's order granting defendant Anthony Joseph Marinelli's section 1203.4 motion for leave to withdraw his guilty plea and dismissing Marinelli's conviction.

I.    **BACKGROUND**

In 2008, Marinelli pleaded nolo contendere to attempted lewd or lascivious act on a child under 14 (§§ 664, 288, subd. (a)) and attempted distribution or exhibition of harmful material to a minor (§§ 664, 288.2, subd. (b)). The trial court suspended imposition of sentence and placed Marinelli on three years formal probation.

In 2012, after successfully completing probation, Marinelli filed a motion in the trial court seeking to withdraw his plea and to have his conviction dismissed pursuant to section 1203.4, subdivision (a). The government opposed the motion on the ground that

---

[1] Further unspecified statutory references are to the Penal Code.

Marinelli was not eligible for section 1203.4, subdivision (a) relief because he was convicted of a violation of section 288, and section 1203.4, subdivision (b) makes section 1203.4, subdivision (a) inapplicable to such violations.

The court granted the motion, as it was bound to do by the Fourth District's decision in *People v. Lewis* (2006) 146 Cal.App.4th 294, 298 (*Lewis*), which holds that section 1203.4, subdivision (b) does not include attempted violations of section 288. The government timely appealed. In *Lewis*, the government conceded that section 1203.4, subdivision (b) did not apply to attempts, and therefore that court did not have the benefit of a full discussion of the issue, as we do here. Nevertheless, for the reasons set forth below, we conclude *Lewis* was correctly decided.

## II.    DISCUSSION

### A.    Section 1203.4

Section 1203.4, subdivision (a) allows a defendant to withdraw a plea of guilty or nolo contendere and receive a dismissal from the court upon successful completion of probation. "[A] defendant moving under Penal Code section 1203.4 is entitled as a matter of right to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation.' " (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788.) In other words, when a defendant has satisfied the terms of probation, the trial court has no discretion to deny a section 1203.4, subdivision (a) motion, unless section 1203.4, subdivision (b) applies. (*People v. Chandler, supra*, at p. 788.)

Section 1203.4, subdivision (b) excepts certain violations from the relief provided in subdivision (a), including "any violation of . . . Section 288." (§ 1203.4, subd. (b).) The section 1203.4, subdivision (b) exception for violations of section 288 was added to the statute in 1997, along with exceptions for a number of other sex offenses. (See Stats. 1997, ch. 61.) On its face, section 1203.4, subdivision (b) "does not expressly except

2

*attempted* violations of section 288" or other attempted sex offenses from the relief provided by section 1203.4, subdivision (a). (*Lewis*, *supra*, 146 Cal.App.4th at p. 298.)

The purpose of the 1997 amendment was to "prohibit persons convicted of specified sex offenses to expunge his or her record under Penal Code section 1203.4." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997-1998 Reg. Sess.) as amended May 5, 1997.) The legislative history notes that the amendment "may have limited practical effect [because s]ection 1203.4 applies only to probationers, not to parolees[, and] . . . [p]robation generally is prohibited for the [specified] sex offenses." (*Ibid.*) However, according to the legislative history, the amendment's sponsor maintained that the amendment would save "significant investigative resources [that would otherwise be] expended in handling 1203.4 petitions" filed by individuals convicted of sex offenses. (*Ibid.*)

### B.    *Standard of Review and Principles of Statutory Construction*

The interpretation of section 1203.4 is a question of law that we review de novo. (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1520 (*Failla*).)

"A fundamental rule of statutory construction is to interpret the statute consistent with the intent of the Legislature." (*People v. Crowles* (1993) 20 Cal.App.4th 114, 118 (*Crowles*).) We determine legislative intent by first examining the words of the statute, giving them their usual, ordinary, and common sense meaning. (*Failla*, *supra*, 140 Cal.App.4th at p. 1520.) However, "[l]iteral construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter should, if possible, be read to conform to the spirit of the law." (*Crowles*, *supra*, at p. 118.) "The rule of strict interpretation of penal statutes does not apply in California. The provisions of the Penal Code '. . . are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice.' " (*People v. Squier* (1993) 15 Cal.App.4th 235, 241.)

### C.    Analysis

It is undisputed that Marinelli fulfilled the conditions of his probation, and therefore is entitled to section 1203.4, subdivision (a) relief unless section 1203.4, subdivision (b) makes that provision inapplicable to him.  Therefore, the sole question presented is whether section 1203.4, subdivision (b) applies to attempted violations of the statutes it enumerates.  Put differently, does an attempted violation of section 288 constitute "any violation of . . . Section 288"?  (§ 1203.4, subd. (b).)

As noted above, we begin with the statutory language.  Section 1203.4, subdivision (b) references only "violation[s]," not attempted violations.  It is well established that " '[a]n attempt is an offense "separate" and "distinct" from the completed crime.' "  (*Lewis*, *supra*, 146 Cal.App.4th at p. 298, quoting *People v. Reed* (2005) 129 Cal.App.4th 1281, 1283; see also *People v. Le* (1984) 154 Cal.App.3d 1, 10.)  Accordingly, we are not persuaded by the government's bald contention that attempts, conspiracies, and completed violations are simply different types or varieties of violations.  Nor does the statute's use of the word "any" before "violation" expand the ordinary meaning of "violation" to included "attempted violation."  (§ 1203.4, subd. (b).)  In short, as the Fourth District concluded in *Lewis*, the plain language of the statute indicates that section 1203.4, subdivision (b) does not apply to attempted violations of section 288.  (*Lewis*, *supra*, at p. 298.)

Next, we consider whether a literal construction of section 1203.4, subdivision (b)--under which it does not apply to attempts--is contrary to the statute's apparent legislative intent.[2]  If it is, then we must construe the statute as applying to attempts, despite the fact that it does not explicitly identify them.  (See, e.g., *People v. Barrajas* (1998) 62 Cal.App.4th 926 [holding that diversion statutes applicable to certain specified drug offenses applied equally to attempts to commit those specified drug offenses, despite the

---

[2] The *Lewis* court did not undertake this step of the analysis, perhaps because the government conceded the issue there.

4

fact that attempts were not listed in the diversion statutes, because a literal reading of the statutes--which would punish attempted drug offenses more severely than successful ones--was absurd and did not advance the statutory purpose].)

As noted above, the legislative history indicates that the purpose of section 1203.4, subdivision (b)'s exception of sex offenses is to "prohibit persons convicted of specified sex offenses to expunge his or her record under Penal Code section 1203.4," thereby conserving "significant investigative resources [that would otherwise be] expended in handling 1203.4 petitions" filed by individuals convicted of sex offenses. (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 729 (1997-1998 Reg. Sess.) as amended May 5, 1997.) That purpose is not thwarted if the section 1203.4, subdivision (b) exception applies only to completed sex offenses. Nor does the exclusion of attempts from the section 1203.4, subdivision (b) exception result in absurd consequences. To the contrary, attempted crimes regularly are punished less severely than completed crimes. (§ 664 [establishing sentences for attempts at one-half the length of those for the completed crime].) The Legislature reasonably could have concluded that perpetrators of attempted sex offenses should have the opportunity to expunge their records, while those who completed certain sex offenses should not. Accordingly, we conclude that the Legislature intended to exclude attempts from the section 1203.4, subdivision (b) exception.

That conclusion that is buttressed by the fact that the Legislature has not amended section 1203.4, subdivision (b) to expressly include attempts since *Lewis* was decided in 2006, despite having amended section 1203.4 numerous times. (See Stats. 2007, ch. 161 (A.B. 645), § 1; Stats. 2008, ch. 94 (A.B. 2092), § 1; Stats. 2009, ch. 606 (S.B. 676), § 7; Stats. 2010, ch. 328 (S.B. 1330), § 166; Stats. 2010, ch. 178 (S.B. 1115), § 76; Stats. 2013, ch. 143 (A.B. 20), § 2).) "The Legislature is presumed to have knowledge of existing judicial decisions when it enacts and amends legislation. When the Legislature amends a statute that has been the subject of judicial construction, changing it only in part, the presumption is that the Legislature intended to leave the law unchanged in the

5

aspects not amended." (*Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 642-643.)

## III.    DISPOSITION

The order granting Marinelli's Penal Code section 1203.4 motion for leave to withdraw his guilty plea and dismissing Marinelli's conviction is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Márquez, J.

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. CC763357 |
| --- | --- |
| Trial Judge: | Hon. Rene Navarro |
| Counsel for Plaintiff/Appellant:<br>The People | Jeffrey Rosen<br>District Attorney<br><br>Christopher Boscia<br>Deputy District Attorney |
| Counsel for Defendant/Respondent:<br>Anthony Joseph Marinelli | Law Offices of Higbee & Associates<br>Mathew K. Higbee<br>Jennifer D. Strange |

People v. Marinelli
H039416