Filed 12/9/24  P. v. McNeal CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LINTON McNEAL, JR.,<br><br>        Defendant and Appellant. | A169914<br><br>(Solano County<br>Super. Ct. No. FCR305942) |

**MEMORANDUM OPINION[1]**

Linton McNeal, Jr. appeals the trial court's order denying his Penal Code section 1203.4 petition to set aside his 2016 no contest plea to felony forgery of a loan modification agreement (Pen. Code, § 470, subd. (d)) and dismiss the underlying action.[2]  We agree with the parties that the trial court erred by denying the petition as McNeal met the statutory criteria for relief.  Accordingly, we reverse.

---

[1] We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the issue raised.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All further statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The following factual and procedural summary is taken from our prior unpublished opinion in *People v. McNeal* (July 24, 2020, A159113; *McNeal*) as to the events preceding that decision.

"[D]efendant and the victim purchased a house as joint tenants and lived there together with their children until the victim moved out in 2011. In 2014, defendant forged the victim's signature on loan modification documents. Criminal proceedings were initiated but defendant refused to sell the house to remove the victim's name from the forged loan. He ultimately pled no contest to one count of felony forgery of a loan modification agreement ([§] 470, subd. (d))." (*McNeal, supra*, A159113, fn. omitted.)

"Thereafter, the parties agreed defendant would be allowed to withdraw his plea and the matter would be dismissed if he removed the victim's name from the forged loan within six months. When defendant failed to do so, the trial court—consistent with the terms of the plea agreement—suspended imposition of sentence and placed defendant on five years of probation with the condition that he serve 180 days in county jail." (*McNeal, supra*, A159113.)

Critically for our purposes, McNeal was *not* required as a condition of probation to remove the victim's name from the forged loan.

The court subsequently ordered victim restitution in the amount of $12,708.27 for attorney fees and costs incurred in a civil partition action initiated by the victim to force a sale of the house, which was the only way to have her name removed from the loan given McNeal's refusal to do so. (*McNeal, supra*, A159113.) In 2020, we affirmed that restitution order. (*Ibid*.)

In 2021, the trial court terminated McNeal's probation term, concluding the maximum term of probation for his offense had been exceeded based on a recent statutory amendment reducing the length of probation terms. The court ordered the unpaid restitution balance to be enforceable as a civil judgment.

On January 9, 2023, McNeal petitioned pursuant to section 1203.4 to set aside his no contest plea and dismiss the underlying action. He checked the boxes on the Judicial Council form indicating he had fulfilled the conditions of his probation for the entire period of the probation term, and he was not serving a sentence for any offense, on probation, or facing any charges.

On February 27, 2023, the trial court held a hearing on the section 1203.4 petition. The prosecution asserted relief was inappropriate because McNeal had failed to remove the victim's name from the loan and had not completed his conditions of probation. The court noted McNeal still owed $12,708.27 in restitution, which it had ordered to become a civil judgment. It denied the petition on the basis that McNeal had not fulfilled his probation conditions.

On March 16, 2023, McNeal moved for reconsideration.

At a May 1, 2023 hearing on the motion for reconsideration, the prosecution again argued McNeal failed to complete the conditions of probation by failing to remove the victim's name from the loan, so it was not a restitution issue. It also noted the civil partition litigation was still ongoing. McNeal argued relief was warranted as he had no violations while on probation, and an outstanding restitution order cannot serve as grounds for denying a section 1203.4 petition.

3

The trial court acknowledged it did not see any condition on the order of probation requiring McNeal to remove the victim's name from the loan. It stated it had previously denied the section 1203.4 petition "because [McNeal] still owed on restitution." Noting the civil partition action remained ongoing, however, it found "it is not so much a money issue as opposed to property issues." It also stated that, "even though [McNeal] is off probation now, it is not because he did well on probation, but because of the change in the law" that shorted the probation term. The court therefore denied the motion for reconsideration. McNeal appealed.

## DISCUSSION

The sole issue on appeal is whether the trial court erred by denying section 1203.4 relief to McNeal. The parties agree, as do we, that the court was required to grant McNeal's petition as he fulfilled the conditions of his probation, and the outstanding restitution that was converted to a civil judgment may not serve as a basis for denying relief. We shall reverse.

"Section 1203.4 provides that a defendant who 'has fulfilled the conditions of probation for the entire period of probation,'" and who is not serving a sentence, on probation, or charged with the commission of an offense, "is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed." (*People v. Hawley* (1991) 228 Cal.App.3d 247, 249–250 (*Hawley*); § 1203.4, subd. (a).) If the petitioner meets the criteria for relief under section 1203.4, "the trial court *is required* to grant the requested relief." (*Hawley*, at p. 250; accord, *People v. Lewis* (2006) 146 Cal.App.4th 294, 297–298.)

Additionally, the statute expressly states that a "petition for relief under this section shall not be denied due to an unfulfilled order of

4

restitution or restitution fine," and an unfulfilled order of restitution "shall not be grounds for finding that a defendant did not fulfil[l] the condition of probation for the entire period of probation." (§ 1203.4, subd. (c)(3)(A) & (B).)

The trial court erred by denying McNeal's section 1203.4 petition. The court terminated his probation in 2021, and there is no indication in the record that McNeal failed to fulfill the conditions of probation for the entire period of probation. (See § 1203.4, subd. (a).) As the court acknowledged at the May 1 hearing, no probation condition in the order of probation required McNeal to remove the victim's name from the loan. Accordingly, his failure to do so did not violate the terms of his probation, regardless of whether the civil partition litigation remained ongoing due to his inaction.

Further, the unpaid restitution amount—which was converted to a civil judgment upon the termination of McNeal's probation—plainly cannot serve as a basis for denying relief under section 1203.4, nor as a basis for finding McNeal failed to fulfill a probation condition for the entire period of probation. (§ 1203.4, subd. (c)(3)(A) & (B).)

Finally, that McNeal's probation was terminated due to a change in law that reduced the length of probation terms does not render him ineligible for relief under section 1203.4, provided he "fulfilled the conditions of probation *for the entire period of probation*." (§ 1203.4, subd. (a), italics added.) As we have established, McNeal did so. We also note there is no indication that McNeal was ineligible for relief because he was serving a sentence, on probation, or charged with the commission of an offense when he petitioned for relief. (See *ibid*.)

Accordingly, McNeal met the statutory criteria for relief under section 1203.4, and the trial court was required to grant his petition. (*Hawley*, *supra*, 228 Cal.App.3d at p. 250; § 1203.4, subd. (a).)

5

**DISPOSITION**

The orders denying McNeal's petition for relief under section 1203.4 and motion for reconsideration are reversed and the matter is remanded to the trial court. On remand, the trial court is directed to vacate its order denying McNeal's petition and motion for reconsideration, and to enter a new order granting his section 1203.4 petition.

_____

PETROU, J.


WE CONCUR:


_____

FUJISAKI, Acting P. J.


_____

RODRÍGUEZ, J.


A169914; *P. v. McNeal*

7